1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

URSULA P.,

               Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

               Defendant.

CASE NO. 2:22-CV-741-DWC

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

      Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's applications for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

      After considering the record, the Court concludes the Administrative Law Judge erred in evaluating the opinion of Drs. Andersen, Yun, and Knapp. Had the ALJ properly considered these opinions, the residual functional capacity assessment may have included different

limitation. The ALJ's error is therefore harmful, and this matter is reversed and remanded, pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner of Social Security ("Commissioner") for further proceedings consistent with this Order.

FACTUAL AND PROCEDURAL HISTORY

On April 25, 2018, and May 2, 2018, Plaintiff filed applications for SSI and DIB respectively, alleging disability as of October 4 and 5, 2004, which she later amended to July 26, 2016. *See* Dkt. 8, Administrative Record ("AR") 213, 210, and 779. The application was denied upon initial administrative review and on reconsideration. *See* AR 137-40, 146-8, 143-5. At Plaintiff's request, Administrative Law Judge ("ALJ") C. Howard Prinsloo held a hearing on June 18, 2019. *See* AR 38-70. On July 17, 2019, the ALJ issued a decision finding denying benefits. *See* AR. 17-31. On May 26, 2020, the Appeal's Council denied Plaintiff's request for review making the ALJ's decision the final decision of the Commissioner. *See* AR 1-6; 20 C.F.R. § 404.981, § 416.1481.

Plaintiff filed a complaint in this Court. On April 14, 2021, the United States District Court, Western District of Washington reversed the ALJ's decision and remanded the matter for further administrative proceedings. AR. 870-880. This Court concluded that the ALJ erred in evaluating the opinions of Drs. Andersen, Yun, and Knapp because the ALJ's assessments of the opinions were not supported by substantial evidence. AR. 873-880. This Court also concluded the ALJ shall reconsider the opinion evidence as it relates to Plaintiff's testimony. AR. 880.

On remand, the ALJ held a hearing on February 15, 2022. AR. 803-828. On March 23, 2022, the ALJ issued a second decision denying benefits. AR. 779-96. The ALJ found severe impairments of bipolar disorder, anxiety disorder and personality disorder but found Plaintiff does not have an impairment or combination of impairments that meet or equal the severity of

1    listings 12.04, 12.06, and 12.08. *See* AR 782-5. Next, the ALJ found Plaintiff had the residual

2    functional capacity ("RFC") to perform a full range of work at all exertional levels except

3    Plaintiff is limited to work with superficial and occasional contact with supervisors, co-workers,

4    and the public and work limited to simple and routine tasks in a predictable workplace

5    environment with well-defined workplace expectations. *See* AR 785. The ALJ found Plaintiff is

6    unable to perform her past relevant work but, in reliance on the vocational expert's testimony,

7    the ALJ concluded a significant number of jobs exist in the national economy that Plaintiff can

8    perform, considering her age, education, work experience, and residual functional capacity. *See*

9    794-5. As a result, the ALJ concluded Plaintiff has not been disabled from July 26, 2016, through

10   March 23, 2022, the date of the ALJ's decision. *See* AR 796.

11            On June 2, 2022, Plaintiff filed a complaint in this Court seeking judicial review of ALJ

12   Prinsloo's February 15, 2022 decision. Dkt. 4. In Plaintiff's Opening Brief, Plaintiff maintains

13   the ALJ erred by: (1) failing to provide legally sufficient reasons for rejecting the opinions of the

14   examining physicians who assessed limitations from her mental impairments; and (2) failing to

15   provide legally sufficient reasons for rejecting Plaintiff's complaints regarding the limiting

16   effects of her mental impairments. Dkt. 13 at 1. Plaintiff only requests review of the ALJ's

17   assessment of her limitations related to her mental impairments. Dkt. 13 at 4.

18                                    <u>STANDARD OF REVIEW</u>

19            Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

20   social security benefits if the ALJ's findings are based on legal error or not supported by

21   substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

22   Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). Substantial evidence is

23   "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

24

1   *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). "We review only the

2   reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a

3   ground upon which he did not rely." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014)

4   (citation omitted).

5                                    <u>DISCUSSION</u>

6   **I.      Whether the ALJ properly evaluated the medical opinion evidence.**

7           Plaintiff argues that the ALJ failed to provide legally sufficient reasons for rejecting the

8   opinions of every examining physician who assessed limitations from her mental impairments,

9   including Drs. Andersen, Yun, and Knapp. Specifically, Plaintiff argues that: 1) the ALJ relied

10  on reasons that the Court previously considered and rejected; 2) the ALJ's additional reasons are

11  not legally sufficient and not supported by substantial evidence; and 3) every examining

12  physician's opinion is consistent with each other, unlike the state contracted DDS opinions relied

13  on by the ALJ. Dkt. 13 at 4. The Commissioner responds that "[u]nlike the prior ALJ decision,

14  this time the ALJ explicitly discussed observations of these medical sources and found they were

15  not supportive of [the] limitations given the record as a whole." Dkt. 14 at 12.

16          The regulations regarding the evaluation of medical opinion evidence have been

17  amended for claims filed on or after March 27, 2017. *Revisions to Rules Regarding the*

18  *Evaluation of Medical Evidence* ("*Revisions to Rules*"), 2017 WL 168819, 82 Fed. Reg. 5844, at

19  *5867-68; *5878-79 (Jan. 18, 2017). Since Plaintiff filed her claim after that date, the new

20  regulations apply. *See* 20 C.F.R.  §§ 404.1520c, 416.920c. Under the revised regulations, ALJs

21  "will not defer or give any specific evidentiary weight, including controlling weight, to any

22  medical opinion(s) or prior administrative medical finding(s). . . ." 20 C.F.R. §§ 404.1520c(a),

23  416.920c(a). Instead, ALJ's must consider every medical opinion or prior administrative medical

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 4

1    findings in the record and evaluate each opinion's persuasiveness using the factors listed. *See* 20

2    C.F.R. § 404.1520c(a), 416.920c(a). The two most important factors are the opinion's

3    "supportability" and "consistency." *Id.* ALJs must explain "how [they] considered the

4    supportability and consistency factors for a medical source's medical opinions or prior

5    administrative medical findings in [their] . . . decision." 20 C.F.R. §§ 20 C.F.R. 404.1520c(b)(2),

6    416.920c(b)(2). "Supportability means the extent to which a medical source supports the medical

7    opinion by explaining the 'relevant . . . objective medical evidence.'" *Woods v. Kijakazi*, 32

8    F.4th 785, 791-2 (9th Cir. 2022) (citing 20 C.F.R. § 404.1520c(c)(1)); *see also* § 416.920c(c)(1).

9    "Consistency means the extent to which a medical opinion is 'consistent . . . with the evidence

10   from other medical sources and nonmedical sources in the claim.'" *Woods*, 32 F.4th at 792

11   (citing 20 C.F.R. § 404.1520c(c)(2)); *see also* § 416.920c(c)(2).

12        **A.  Dr. Andersen**

13        Psychologist Dr. Andersen examined Plaintiff on September 17, 2015. *See* AR 343-51.

14   Dr. Andersen's evaluation consisted of a clinical interview, a review of the medical record, and a

15   mental status examination. *Id*. Based on this evaluation, Dr. Andersen diagnosed Plaintiff with

16   attention deficit hyperactivity disorder ("ADHD"), unspecified bipolar and anxiety disorders,

17   borderline personality disorder, and a history of marijuana use. *See* AR 349. Dr. Andersen

18   opined Plaintiff would be able to understand and remember instructions of moderate complexity,

19   but would have difficulty carrying out tasks, and would have marked difficulties in organizing

20   her time, pacing herself, avoiding distraction, and getting tasks done within the required

21   timeframe, if she were left to work independently. *See* AR 350.

22        Dr. Andersen added that if Plaintiff were closely supervised, she would likely react

23   angrily to efforts to control or structure her time and would react angrily to even minor

24

frustrations. *Id*. Dr. Andersen further opined that Plaintiff would have markedly conflicted

relationships with others in the workplace due to affective instability and irritability and would

have great difficulty working collaboratively with others. *Id*. Dr. Andersen stated that irritability

and impulsivity would impair Plaintiff's judgment, and that Plaintiff would likely react

impulsively when confronted with unforeseen problems. *Id*.

The ALJ found Dr. Andersen's September 17, 2015 opinion, and the opinions of two

other examining psychologists[1] from 2014 and 2015, "not persuasive," reasoning that: 1) the

opinions were "generated well prior to the current period at issue"; 2) Plaintiff had substantial

gainful activity after these opinions were offered; and 3) the opinions are inconsistent with

objective evidence of Plaintiff's "ability to appropriately engage, converse, behave, and manage

herself." *See* AR 791. The ALJ recognized that other subsequent consultative examiners from the

relevant period also opined that Plaintiff had marked and severe impairments. *Id*. However, the

ALJ also found those opinion unpersuasive because the ALJ "found the psychological opinions

of the state agency reviewers . . . to be more consistent with the longitudinal record." *Id*.

With respect to the ALJ's reasoning that Dr. Andersen's opinion is too remote in time,

this Court concluded in its prior Order that Dr. Andersen's opinion, given its consistency with

opinions rendered by other mental health examiners during the current period at issue, was

"significant, probative evidence that provides valuable, detailed information concerning the

extent and nature of Plaintiff's work-related mental health limitations during the period at issue,

---

[1] On May 28, 2014, Dr. Kouzes opined Plaintiff had marked limitations in her ability to: complete a normal workday and workweek without interruptions from psychologically based symptoms; and maintain appropriate behavior in the workplace. *See* AR  791; *see also* 432-436. On August 25, 2015, Dr. Widlan opined Plaintiff had marked limitations in her ability to: adapt to changes in a routine work setting; communicate and perform effectively in a work setting; and complete a normal workday and workweek without interruptions from psychologically based symptoms. *See* AR 791; *see also* AR 437- 441.

1  and the fact that it was rendered shortly before Plaintiff's disability onset date cannot serve as a

2  valid reason for discounting it." *See* AR 874. Dr. Andersen's opinion is also consistent with the

3  two other opinions rendered during the same time period. *See* footnote 1. The ALJ has not

4  provided any new rationale that would convince this Court to come to a different conclusion.

5        With respect to the ALJ's reasoning that Dr. Andersen's opinion is unpersuasive because

6  Plaintiff engaged in substantial gainful activity during the period at issue, this Court concluded in

7  its prior Order that this "is consistent with her work history, which indicates that she has

8  difficulty maintaining employment for an extended period . . . and is also consistent with Dr.

9  Andersen's opinion concerning Plaintiff's work-related mental limitations." *See* AR 876. This

10  Court further concluded that Plaintiff's "ability to run her own photography business cannot

11  serve as a valid reasoning for discounting Dr. Andersen's opinion given that it is unclear whether

12  Plaintiff's business ever generated income." *Id*. The ALJ has not provided any new rationale that

13  would convince this Court to come to a different conclusion.

14        Unlike in the ALJ's previous decision, the ALJ also found Dr. Andersen's and the two

15  other opinions from that time period unpersuasive because the marked limitations were

16  inconsistent with the treatment record and objective evidence. *See* AR 791. Specifically, the ALJ

17  found that the marked limitations in Plaintiff's ability to complete a normal workday, maintain

18  appropriate behavior, adapt, and communicate to be inconsistent with treatment records. *Id*. In

19  support, the ALJ cited therapy records showing Plaintiff regularly engaged well, offered her

20  thoughts and asked questions during her therapy sessions, presented as engaged and open to

21  conversation, demonstrated appropriate behavior, and communicated effectively. *See* AR 791.

22        While an inconsistency with the medical record is a valid reason to find an opinion

23  unpersuasive, in this case the ALJ's citations are selective, ignoring numerous treatment notes

24

1    that would support Dr. Andersen's opinion of marked limitations and ignoring supportive

2    evidence in the selected citations. *See e.g.,* AR 450 (cooperative, voiced increase in energy, is

3    being mindful of mania); AR 452 (high anxiety); AR 455 (cooperative, but impaired insight,

4    anxious, agitated); AR 461 (cooperative, depressed, with anxiety); AR 738 (cooperative but

5    guarded/suspicious and with impaired judgement and insight); AR 739 (mood depressed,

6    anxious, angry, irritated); AR 747 (cooperative behavior, but with some pressured speech, some

7    hypomania, and anxious mood); AR 748 (calm behavior, but with anxious/irritated mood,

8    restricted affect range to anger/irritation which is congruent w/ ct's history of anxiety); AR 758

9    (engaged, but irritated); *Id.* (reserved and ornery [sic]); AR 759 (engaged and open, but also

10   presented some frustration); AR 1039 (cooperative, with limited eye contact, fiddling with nails

11   during session, irritable, fair judgment). The fact that Plaintiff would cooperate and engage in her

12   mental health treatment does not necessarily relate to Dr. Andersen's opinion that Plaintiff's

13   affective instability and irritability would markedly affect her interaction with coworkers and

14   supervisors, would impair her judgment, and would likely react impulsively when confronted

15   with unforeseen problems.

16          While the Commissioner notes that an ALJ's conclusion must be upheld "if evidence is

17   susceptible to more than one rational interpretation," Dkt. 14 at 13 (citing *Woods*, 32 F.4th at

18   788), a Court "cannot affirm . . . 'simply by isolating a specific quantum of supporting evidence,'

19   but 'must consider the record as a whole, weighing both evidence that supports and evidence that

20   detracts from the [Commissioner's] conclusion.'" *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir.

21   2016) (citing *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)). The Ninth Circuit has

22   instructed that ALJs, in composing disability determination decisions, "use these two terms of

23   art— 'consistent' and 'supported' —with precision." *Woods*, 32 F.4th at 793 n. 4. Thus, under

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 8

1    the new regulations an ALJ cannot reject medical opinions or prior administrative medical

2    findings as inconsistent or unsupported without providing an explanation supported by

3    substantial evidence. *See Woods*, 32 F.4th at 792.

4            Therefore, the Court concludes the ALJ erred in evaluating the opinion evidence. *See*

5    *Holohan v. Massanari*, 246 F.3d 1195, 1207 (9th Cir. 2001) (concluding the ALJ erred by

6    selectively picking some entries in the medical record while ignoring others); *Ghanim v. Colvin*,

7    763 F.3d 1154, 1164 (9th Cir. 2014) (stating an ALJ is not permitted to "cherry-pick"

8    physician's observations without considering context); *Garrison v. Colvin*, 759 F.3d 995, 1018 n.

9    23 (9th Cir. 2014) (citation omitted) (stating "[t]he ALJ was not permitted to 'cherry pick' from

10   those mixed results to support a denial of benefits. . . . The very nature of bipolar disorder is that

11   people with the disease experience fluctuations in their symptoms, so any single notation that a

12   patient is feeling better or has had a 'good day' does not imply that the condition has been

13   treated.").

14           The ALJ also found that the medical opinions were inconsistent with her ability to live

15   alone, go out alone, use public transportation, shop in stores, manage her money, and drive. The

16   ALJ's generalized assertion about Plaintiff's activities is not sufficient to undermine medical

17   opinions regarding her specific abilities in a work setting. *See Lindsay K. v. Comm'r of Soc. Sec.*,

18   No. C21-05033-MAT, 2022 WL 407387, at *10 (W.D. Wash. Feb. 10, 2022) (activities of daily

19   living including managing self-care, cooking, performing light household chores, yardwork,

20   driving, shopping, and running errands does not undermine Plaintiff's allegations of debilitating

21   symptoms from anxiety and mental impairments and these activities are not clearly transferable

22   to a work setting); *but see Ahearn v. Saul*, 988 F.3d 1111, 1117 (9th Cir. 2021) (concluding the

23   ability to play video games and watch television for sustained periods, to use a library computer,

24

1    to use public transportation, to shop at stores, to perform personal care, to prepare meals, to

2    socialize with friends, and to perform household chores provide substantial evidence to discredit

3    Plaintiff's testimony); *McClain v. Halter*, 10 F. App'x 433, 437 (9th Cir. 2001) (citation omitted)

4    (evidence that Plaintiff is able to socialize or perform some household chores is not

5    determinative of disability); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citations

6    omitted) (Courts "have recognized that disability claimants should not be penalized for

7    attempting to lead normal lives in the face of their limitations"); *Orn v. Astrue*, 495 F.3d 625,

8    639 (9th Cir. 2007) (quoting *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005)) (stating the

9    ALJ "must make 'specific findings relating to the daily activities' and their transferability to

10   conclude that a claimant's daily activities warrant an adverse credibility determination.").

11       Therefore, the Court concludes the ALJ's finding of an inconsistency between Dr.

12   Andersen's medical opinion and the treatment record and objective evidence is not supported by

13   substantial evidence.

14       **B.  Dr. Yun**

15       Dr. Jenna Yun, Ph.D., examined Plaintiff for the Washington Department of Social and

16   Health Services ("DSHS") on July 26, 2016. *See* AR 560-65. Dr. Yun's evaluation consisted of a

17   clinical interview, a mental status examination, and a review of an August 25, 2015 opinion from

18   David Widlan, (Ph.D.). *See* AR 560. Based on this examination, Dr. Yun opined Plaintiff would

19   have a range of moderate, marked, and severe[2] work-related mental limitations, and Plaintiff's

20   overall degree of limitation would be severe. *See* AR 563. Dr. Yun assessed Plaintiff would have

21

22   _____

23       [2] A moderate limitation means "significant limits on the ability to perform one or more basic work
     activity." *See* AR 562. A marked limitation means "a very significant limitation on the ability to perform one or
     more basic work activity." *Id*. A severe limitation means "an inability to perform the particular activity in regular
24   competitive employment." *Id*.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 10

1  severe limitations in completing a normal workday and workweek without interruptions from

2  psychologically based symptoms; maintaining appropriate behavior in the workplace; and

3  communicating and performing effectively in the work setting. *Id*.

4          The ALJ found that Dr. Yun's opinion was "not persuasive," reasoning that: 1) it was

5  inconsistent with the longitudinal record showing Plaintiff presented as engaged and open to

6  conversation with appropriate behavior and ability to communicate; 2) it was not supported by

7  Dr. Yun's own examination findings; 3) Dr. Yun only reviewed one 2015 evaluation before

8  assessing Plaintiff's opinion; 4) it was inconsistent with her ability to live alone, go out alone,

9  use public transportation, shop in stores, manage her money, and drive; and 5) it was inconsistent

10  with the state agency opinions, which the ALJ found more persuasive. AR. 788-9.

11          With respect to the ALJ's first reason, an inconsistency with the medical record can serve

12  as a valid reason to find an opinion unpersuasive.  *See* 20 C.F.R. §§ 404.1520c(c)2,

13  416.920c(c)2. However, the ALJ selectively cited many of the same records as cited for finding

14  Dr. Andersen's opinion inconsistent, which the Court concluded is not substantial evidence. *See*

15  *Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014) (stating that an ALJ is not permitted to

16  "cherry-pick" physician's observations without considering context).

17          With respect to the ALJ's reasoning that Dr. Yun's opinion is not supported by his own

18  exam finding, the Court addressed this issue in its previous Order. *See* AR 877-8. The Court

19  concluded, while the marked and severe limitation are not consistent with the results of her

20  mental status examination, Dr. Yun's opinion is consistent with her other clinical findings that

21  Plaintiff would have a range of "severe" mental health symptoms including psychomotor

22  agitation, inflated self-esteem or grandiosity, racing thoughts, risky behavior,

23  anger/aggression/irritability, affective instability, a tendency to minimize problems, a low

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 11

tolerance for others, and negative relationships. *See* AR 878. The ALJ now cites records

describing Plaintiff as having no racing thoughts, grandiosity or excessive activity, and that her

mood is well managed. However, Dr. Yun describes these symptoms as cyclic. AR 562. "Cycles

of improvement and debilitating symptoms are a common occurrence, and in such

circumstances[,] it is error for an ALJ to pick out a few isolated instances of improvement over a

period of months or years and to treat them as a basis for concluding a claimant is capable of

working." *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014). The ALJ also failed to

address Dr. Yun's other clinical findings for consistency, including those described as pervasive,

rather than cyclic. *See* AR 562. As the Court noted with respect to Dr. Andersen, the ALJ's

citations were selective, and ignored records that are consistent with and support Dr. Yun's

opinion of Plaintiff's chronic anger, aggression, irritability, and mood and affective instability.

With respect to the ALJ's finding that Dr. Yun only reviewed the opinion of Dr. Widlan

before assessing Plaintiff's opinion, the Court already addressed this finding in its previous

Order. *See* AR 878. The Court noted that, while Dr. Yun reviewed Dr. Widlan's opinion from

2015 as part of her evaluation, "there is no evidence that she relied primarily on Dr. Widlan's

opinion" and his opinion, which "was rendered less than a year before Plaintiff's amended onset

date, can serve as significant, probative evidence concerning Plaintiff's functional capacity

during the period at issue." *See* AR 878. Dr. Yun's evaluation was also supported by a clinical

interview and clinical findings based on mental status examination.

With respect to the ALJ's finding that Dr. Yun's opinion was inconsistent with her ability

to live alone, go out alone, use public transportation, shop in stores, manage her money, and

drive, this Court already addressed this issue with respect to Dr. Andersen's opinion.  The ALJ's

generalized assertion about Plaintiff's activities is not sufficient to undermine medical opinions

regarding her specific abilities in a work setting. *See Lindsay K.*, 2022 WL 407387, at *10; *Orn*, 495 F.3d at 639 (citation omitted) (ALJ must make specific findings relating to the daily activities and their transferability to warrant an adverse credibility determination.)".

Next, the ALJ reasoned that Dr. Yun's opinion was unpersuasive because it was inconsistent with the state agency opinions, which the ALJ found more persuasive. Consistency with other medical opinions can serve as a valid reason to find an opinion unpersuasive. *See* 20 C.F.R. §§ 404.1520c(c)2, 416.920c(c)2. Here, the ALJ found the opinions of state non-examining consultants, Michael Regrets, Ph.D. and Matthew Comrie, Psy.D., at the initial administrative review and on reconsideration "consistent with and supported by the longitudinal evidence of record including the large amount of evidence received at the hearing level that included evidence generated may years prior." *See* AR 788. Both physicians recognized Plaintiff has anger problems, is irritable, and is quick to anger. *See* AR  137-40, 146-8, 143-5. They both opined that Plaintiff's "contact with the public, coworkers and supervisors should be limited to superficial and occasional" and "she would function best in a predictable and simple routine environment with well-defined expectation." *Id*. They further opined that "her cognitive function is overall intact" and "she remains able to engage in both simple and more complex tasks within an average work week." *Id*.

The specific reasons the ALJ gave for finding these opinions persuasive is Plaintiff has been able to perform work at substantial gainful activity levels during the relevant period and that these physicians are experts in SSA-program physical disability evaluation. *See* AR 788. However, the ALJ did not determination whether Plaintiff's short-term work attempts during that period could be considered "unsuccessful work attempts," which is consistent with her work history and supports that she has difficulty maintaining employment due to a combination of her

1  mental impairment. *See* AR 221-225. This is consistent with Dr. Andersen's and Dr. Yun's

2  opinion with respect to her mental impairments. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1038

3  (9th Cir. 2007) ("It does not follow from the fact that a claimant tried to work for a short period

4  of time and, because of his impairments, failed, that he did not then experience pain and

5  limitations severe enough to preclude him from maintaining substantial gainful employment.").

6  "In fact, such evidence in some circumstances may support allegations of disabling symptoms."

7  *Id.* (*citing Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989)).

8      In addition, the ALJ failed to consider or discuss the consistency between Dr. Yun's

9  opinion and the opinions of all the other examining physicians, including the three opinions

10  rendered prior to the relevant period (Dr. Andersen, Dr. Widlan, and Dr. Kouzes) and the two

11  opinions rendered by Dr. Knapp during the relevant period.

12      Therefore, the Court concludes that the ALJ's finding that Dr. Yun's opinion was "not

13  persuasive," is not supported by substantial evidence.

14  **C.  Dr. Knapp**

15      Dr. Geordie Knapp evaluated Plaintiff on February 5, 2018. *See* AR 367-71; 566-581. Dr.

16  Knapp's February 5, 2018 evaluation consisted of a clinical interview, a mental status

17  examination, a review of the medical record, and psychological testing. Based on this evaluation,

18  Dr. Knapp opined that Plaintiff would have a range of moderate, marked, and severe mental

19  limitations, and that her overall degree of limitation was severe. *See* AR 368-69, 567-68. Dr.

20  Knapp opined Plaintiff had severe limitations in performing activities within a schedule,

21  maintaining regular attendance, and being punctual within customary tolerances without special

22  supervision; completing a normal workday and workweek without interruptions from

23

24

1   psychologically based symptoms; maintaining appropriate behavior in the workplace; and

2   communicating and performing effectively in the work setting. *Id*.

3          Dr. Knapp's also evaluated Plaintiff on September 2, 2021. *See* AR 1157-62. The

4   evaluation was based on a telephonic clinical interview with Plaintiff and a review of his

5   previous evaluation. *See* AR 1157. Dr. Knapp again found a range of moderate, marked, and

6   severe mental limitations, and opined that her overall limitation was severe. *See* AR 1159. Dr.

7   Knapp opined Plaintiff had severe limitations in performing activities within a schedule,

8   maintaining regular attendance, and being punctual within customary tolerances without special

9   supervision; completing a normal workday and workweek without interruptions from

10  psychologically based symptoms; and communicating and performing effectively in the work

11  setting. *Id*. However, Dr. Knapp reduced his assessment to a marked, rather than severe,

12  limitation in maintaining appropriate behavior in the workplace. *Compare* AR 568 to 1159.

13         The ALJ found that Dr. Knapp's opinions were "not persuasive," reasoning that: 1) they

14  were not consistent with the longitudinal showing Plaintiff engaged well, offered her thoughts,

15  and asked questions during therapy sessions; 2) they were not supported by Dr Knapp's own

16  examination findings; 3) they were based on a one-time examination and did not review evidence

17  outside the 2009, 2014, and 2018 one-time evaluations; 4) they were inconsistent with her ability

18  to live alone, go out alone, use public transportation, shop in stores, manage her money, and

19  drive; 5) they were inconsistent with the state agency opinions, which the ALJ found more

20  persuasive;  and 6) Dr. Knapp noted that her physical impairments are a primary impediment to

21  employment. *See* AR. 790-1.

22         The ALJ found Dr. Knapp's opinion "not persuasive" for many of the same reasons the

23  ALJ discounted Dr. Yun's opinion. Therefore, the Court concludes that the ALJ's findings are

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 15

1  not supported by substantial evidence. For the reasons discussed above, the Court concludes that

2  the ALJ's assessment of Dr. Knapp's opinions is not supported by substantial evidence. *See*

3  *supra* Sections I. A. and B.

4       In summary, the Court concludes that the ALJ erred in assessing the examining

5  physician's medical opinion evidence. Dr. Andersen's opinion, with respect to Plaintiff's mental

6  impairments, is consistent with the opinions of two other physicians rendered during the same

7  period, all of which include marked and severe limitations in Plaintiff's ability to sustain certain

8  basic work activities over a normal workday and workweek. These opinions are also broadly

9  consistent with the opinions rendered by Dr. Yun and Dr. Knapp during the relevant period, who

10  assessed Plaintiff as having a range of moderate, marked, and severe work-related mental health

11  limitations. The Court further concludes that the ALJ's reasons for rejecting all the examining

12  physician's opinion evidence are not supported by substantial evidence. Therefore, reversal is

13  appropriate.

14       **II.**    **Whether the ALJ erred in evaluating Plaintiff's testimony.**

15       Plaintiff argues that the ALJ failed to provide clear and convincing reasons for rejecting

16  Plaintiff's testimony. Dkt. 13 at 18-24. The Court notes that the ALJ rejected Plaintiff's

17  testimony for many of the same reasons he found the medical opinion evidence inconsistent and

18  unpersuasive. Because the Court found the ALJ's reasons for rejecting the opinion evidence

19  unsupported by substantial evidence, the ALJ's reconsideration of this opinion evidence will

20  necessarily impact the ALJ's assessment of this evidence. Plaintiff will also be able to present

21  new evidence and testimony on remand. Therefore, the ALJ shall also reassess Plaintiff's

22  subjective complaints on remand.

23       **III.**    **Remedy**

24

1     Plaintiff requests that the case be remanded for the award of benefits. Dkt. 13 at 24. In the

2     alternative, Plaintiff requests that the Court reverse and remand the case with instructions for the

3     ALJ to reconsider Plaintiff's testimony and the opinions from Drs. Andersen, Yun, and Knapp.

4     The Commissioner responds that, if the Court finds that the ALJ committed harmful

5     error, the appropriate remedy is for the Court to remand the case for further proceedings because

6     there are serious doubts Plaintiff is disabled. Dkt. 14 at 14. Specifically, the Commissioner

7     responds that the regulations do not permit a finding of disability while a claimant is engaging in

8     substantial gainful activity and Plaintiff engaged in substantial gainful work for over 6 months

9     during the relevant period. *Id*. at 15. The Commissioner further responds that there "is serious

10    doubt her impairments alone are disabling" because the record contains references "to the

11    exacerbating effects of substance use on Plaintiff's mental health symptoms and functioning." *Id*.

12    "'The decision whether to remand a case for additional evidence, or simply to award

13    benefits[,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir.

14    2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If an ALJ makes an

15    error and the record is uncertain and ambiguous, the Court should remand to the agency for

16    further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Likewise, if the

17    Court concludes that additional proceedings can remedy the ALJ's errors, it should remand the

18    case for further consideration. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017).

19    The Ninth Circuit has developed a three-step analysis for determining when to remand

20    for a direct award of benefits. Such remand is generally proper only where:

21    "(1) the record has been fully developed and further administrative proceedings
      would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient
22    reasons for rejecting evidence, whether claimant testimony or medical opinion;
      and (3) if the improperly discredited evidence were credited as true, the ALJ
23    would be required to find the claimant disabled on remand."

24

1    *Trevizo*, 871 F.3d at 682-83 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir.

2    2014)). The Ninth Circuit emphasized in *Leon v. Berryhill* that even when each element is

3    satisfied, the District Court still has discretion to remand for further proceedings or for award of

4    benefits. 80 F.3d 1041, 1045 (9th Cir. 2017). For example, the Court has the flexibility to remand

5    a case for further proceedings, even where all the elements are satisfied, when the record as a

6    whole creates "serious doubt that a claimant is, in fact, disabled." *Garrison v. Colvin*, 759 F.3d

7    995, 1021 (9th Cir. 2014).

8         Here, this matter must be reversed because the ALJ erred in evaluating the opinions of

9    Drs. Andersen, Yun, and Knapp and in evaluating the testimonial and other evidence with

10   respect to Plaintiff's subjective complaints. However, there are other outstanding issues which

11   must be decided which preclude the Court from awarding benefits.

12        The ALJ found Plaintiff engaged in substantial gainful activity ("SGA") between October

13   1, 2016, through December 31, 2016, and April 1, 2017, through June 30, 2017, because Plaintiff

14   earned more than $1,300 per month and $1,170 for those quarters, respectively. *See* AR 782

15   (citing AR 227-9). Plaintiff contends that her work attempts are considered "unsuccessful work

16   attempts" under the regulations because her work activity at or over the SGA was limited to three

17   months. Dkt. 15 at 1-2, 11-12; Dkt. 13 at 3-4. Plaintiff states that her inability to maintain

18   employment during these periods was due to her mental impairments and is consistent with her

19   employment history showing she worked for 28 different employers between 2001 and 2017.

20   Dkt. 13 at 3-4. However, the ALJ neither explained nor discussed whether these periods met the

21   criteria for "unsuccessful work attempts" under the regulations.[3] *See* AR 72. Therefore, this is an

22

23   _____

24   [3] The ALJ limited the decision to "the period(s) the claimant did not engage in substantial gainful activity"
     but did not identify that period. *See* AR 782.

1 | issue which must be addressed on remand.[4]

2 |      With respect to the Commissioner's argument that Plaintiff's alcohol and marijuana use

3 | may be contributing factors to her mental health symptoms and functioning, because the ALJ did

4 | not find the Plaintiff disabled the ALJ did not address whether her alcohol and marijuana use

5 | were material to her disability. *See* 20 C.F.R. §§ 404.1535, 416.935. As a result, an award of

6 | benefits is not appropriate.

7 |      Therefore, the ALJ's decision is reversed and remanded for further administrative

8 | proceedings with a new Administrative Law Judge in accordance with this Order. On remand,

9 | the ALJ shall also address whether Plaintiff's work between October 1, 2016, through December

10 | 31, 2016, and April 1, 2017, through June 30, 2017, meets the criteria for "unsuccessful work

11 | attempts."

12 | CONCLUSION

13 |      Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded

14 | Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and

15 | this matter is remanded for further administrative hearing with a new Administrative Law Judge

16 | in accordance with the findings contained herein.

17 |      Dated this 30th day of January, 2023.

18

19 | David W. Christel
United States Magistrate Judge

20

21

22

23

24 | [4] Beginning at Step One, the ALJ questioned the reliability of Plaintiff's other statements based on her ability to work SGA. *See* AR 782.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 19